IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VERNON SUZUKI, | ) | CIV. NO. 13-00575 JMS-BMK |
| | ) | |
| Plaintiff, | ) | ORDER DENYING PLAINTIFF'S |
| | ) | MOTION FOR LEAVE TO AMEND |
| vs. | ) | COMPLAINT AND MOTION TO |
| | ) | EXTEND DEADLINE FOR |
| HELICOPTER CONSULTANTS OF | ) | DISCLOSURE OF EXPERT |
| MAUI, INC., ET AL., | ) | REPORTS OR, IN THE |
| | ) | ALTERNATIVE, TO RESET TRIAL |
| Defendants. | ) | AND PRETRIAL DEADLINES |
| | ) | |
| _____ | ) | |

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO
AMEND COMPLAINT AND MOTION TO EXTEND DEADLINE
FOR DISCLOSURE OF EXPERT REPORTS OR, IN THE ALTERNATIVE,
TO RESET TRIAL AND PRETRIAL DEADLINES

Before the Court are Plaintiff Vernon Suzuki's (1) Motion for Leave to

Amend Complaint (Doc. 47) and (2) Motion to Extend Deadline for Disclosure of

Expert Reports or, in the Alternative, to Reset Trial and Pretrial Deadlines (Doc. 49).

The Court heard these Motions on March 23, 2016 and received supplemental

briefing on April 6 and April 14, 2016 (Docs. 66 and 68).   After careful

consideration of the Motions, the supporting and opposing memoranda, and the

arguments of counsel, the Court DENIES both Motions.

BACKGROUND

On November 10, 2011, a tour helicopter crashed into a mountain ridge

in Molokai, killing the pilot and all four passengers on board.   (Complaint ¶ 9.)

Debris, jet fuel, and human remains were scattered over the land.   (Id. ¶ 11.)   A

National Transportation Safety Board ("NTSB") Report issued in May 2013 noted

that the debris path was approximately 1,330 feet long, extending west-northwest

from the main wreckage.   (Id. ¶ 23.)   According to the Complaint, Plaintiff owns

the land where the crash occurred and the debris was scattered.   (Id. ¶ 10-11.)

The helicopter was owned by Defendant Nevada Helicopter Leasing

LLC ("NHL") and was leased by Helicopter Consultants of Maui, Inc. dba Blue

Hawaiian Helicopters ("Blue Hawaiian").   (Id. ¶ 12.)

On October 30, 2013, Plaintiff filed this lawsuit against Defendants,

asserting claims for negligence, gross negligence, trespass, nuisance, negligent

hiring/training/retention and/or supervision, and willful/wanton conduct and

reckless disregard.   (Complaint.)   Plaintiffs prayed for various types of damages

and "[i]njunctive relief requiring Defendants to clean up, remediate, and/or restore

Plaintiff's Land."   (Complaint Prayer for Relief.)

In the Spring of 2015, more than a year after Plaintiff commenced this

action, he hired a surveyor to "confirm and/or pinpoint the specific TMK parcel on

which the crash occurred."   (Tannenbaum 3/9/2016 Decl'n ¶ 9.)   Plaintiff received

the survey in mid-August 2015.   (Id. ¶ 10.)   "The survey revealed that the parcel of

2

land on which the helicopter crashed was <u>not</u> the parcel that Plaintiff had to that point believed."   (<u>Id.</u> (emphasis in original).)   Rather, the crash occurred on one parcel of land and the debris field spanned into an adjoining parcel.   (<u>Id.</u>; Proposed Amended Complaint ¶¶ 9-10.)   The tax map key ("TMK") numbers for the parcels of land are (2) 5-6-006:012 ("Parcel 12") and (2) 5-6-006:013 ("Parcel 13"). (Tannenbaum 3/9/2016 Decl'n ¶¶ 10-11.)   Plaintiff is the sole owner of Parcel 13, but "Parcel 12 has splintered title and was subject to significant litigation over same."   (<u>Id.</u> ¶ 12.)   It turns out that Plaintiff and the other co-owners hold title to Parcel 12 as "tenants-in-common."   (<u>Id.</u> ¶ 13.)

Plaintiff now moves to amend the complaint and to extend the expert disclosure deadline.   With respect to amending the Complaint, Plaintiff proposes to specify that the crash occurred on Parcel 12 and the debris field was scattered over Parcels 12 and 13.   (Proposed Amended Complaint ¶¶ 9-10.)   With respect to Parcel 12, Plaintiff proposes to add the following language: "[C]o-owners of [Parcel 12] share identical interests with Plaintiff vis-à-vis the Crash, and Plaintiff will adequately represent said interests in their absence."   (<u>Id.</u> ¶ 10.)   Whether Plaintiff may represent the interests of the absent co-owners of Parcel 12 is in dispute.

## DISCUSSION

I.      Plaintiff's Motion for Leave to Amend Complaint

Plaintiff seeks to amend the Complaint to "specify (1) the precise parcel of land on which the helicopter crash in issue occurred by Hawaii tax map key ("TMK") number, (2) the parcels of land that were damaged thereby, and (3) Plaintiff's ownership interest thereof (and <u>his pursuing the claim on behalf of all joint and co-tenants as to one of the two parcels affected</u>)."   (Motion at 2 (emphasis added).)   Defendants take issue with Plaintiff's intention to pursue claims on behalf of his co-owners for damage to Parcel 12.

Rule 15(a)(2) of the Federal Rules of Civil Procedure allows a party to amend its pleading with leave of court.   Although the "court should freely give leave when justice so requires," Rule 15(a)(2), a court "may deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'"   <u>Leadsinger, Inc. v. BMG Music Publ'g</u>, 512 F.3d 522, 532 (9th Cir. 2008) (brackets omitted).   "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court."   <u>Id.</u>

4

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). "A proposed amended complaint that would not survive a motion to dismiss is futile." Pauline v. State of Haw. Dept. of Public Safety, 773 F. Supp. 2d 914, 920 (D. Haw. 2011).

In the Original Complaint, Plaintiff alleged that the crash occurred on "Plaintiff's Land" and that debris, jet fuel, and human remains were scattered on "Plaintiff's Land." (Complaint ¶¶ 10-11.) Plaintiff prayed for damages as well as injunctive relief "requiring Defendants to clean up, remediate, and/or restore Plaintiff's Land." (Id. at Prayer for Relief.) However, in the proposed Amended Complaint, Plaintiff clarifies that he is not the sole owner of land where the crash occurred and debris was scattered. (Proposed Amended Complaint ¶ 10.) Importantly, the proposed Complaint asserts that "Plaintiff will adequately represent said interests in their absence." (Id.)

Plaintiff shares ownership of Parcel 12 with other co-owners as tenants-in-common. (Tannenbaum 3/9/16 Decl'n ¶13.) "As to tenants in common, the Hawaii Supreme Court has stated that they hold proportionately according to their respective shares." Guray v. Tacras, 119 Haw. 212, 215, 194 P.3d 1174, 1177 (Haw. App. 2008) (citation omitted). Title by such co-tenants is

5

distinct:   "A tenancy in common is generally defined as the holding of property by several persons by several and distinct titles, with unity of possession only."   In re Lull, Civ. No. 11-00349 SOM-BMK, 2011 WL 6941487, at *11 (D. Haw. Dec. 30, 2011 (citation omitted).   "Each tenant in common owns a separate fractional share of undivided property, and each cotenant's title is held independently of other cotenants."   Id.; see also U.S. v. Craft, 535 U.S. 274, 279-80 (U.S. 2002) ("The common law characterized tenants in common as each owning a separate fractional share in undivided property.").

As holder of a separate, fractional share in Parcel 12, Craft, 535 U.S. at 280, Plaintiff may sue for injury to the property, but his recovery "is limited to a proportionate share of the total damage."   See e.g., Cahaba Forests, LLC v. Hay, 927 F. Supp. 2d 1273, 1285 (M.D. Ala. 2013) ("Fewer than all the tenants in common may sue for injury to property, 'provided that their recovery is limited to a proportionate share of the total damage.'"); Hicks v. Southwestern Settlement & Development Corp., 188 S.W. 2d 915, 921 (Tex. Civ. App. 1945) ("the determination of the plaintiff's proportionate share of the damages and the adjudgment thereof to him despite the absence of his tenant in common constitutes relief which can be granted").   Moreover, it is unnecessary that Plaintiff's co-tenants join him in this lawsuit in order for him to recover his proportionate share

of the damage.  <u>Hicks</u>, 188 S.W. 2d at 921 ("the presence of all tenants in common is not indispensable to the rendition of judgment for damages in favor of one or less than all").

Based on the foregoing, with respect to Parcel 12, Plaintiff may sue Defendants for damage to the property, with or without the inclusion of his co-tenants, but may not recover more than his proportionate share of damages. However, the Proposed Amended Complaint seeks to do more than that.   Plaintiff moves to add language that he will "adequately represent [his co-owners'] interests in their absence."  (Proposed Amended Complaint ¶ 10.)   In his Motion for Leave to Amend the Complaint, Plaintiff clarifies that he is "pursuing the claim on behalf of all joint and co-tenants as to [Parcel 12]."  (Motion at 2.)   At the hearing on this Motion, Plaintiff's counsel stated that any damages recovered in this case will be distributed between the co-owners on a pro-rata basis.   Clearly, in moving to amend the Complaint as requested, Plaintiff is seeking to sue on behalf of his absent co-owners.  (Tannenbaum 3/9/2016 Decl'n ¶ 18 (noting that Plaintiff's co-tenants "have elected . . . to allow Plaintiff to represent their common interests; Plaintiff can make all absent parties' arguments and points, since they are identical and common to his; Plaintiff is both capable and willing to do so.").

Plaintiff's attempt to add claims on behalf of his absent co-owners who own individual, separate, and distinct title to Parcel 12 is barred by the statute of limitations.   "In diversity actions, federal courts generally apply state statutes related to the commencement and tolling of statutes of limitations."   Mroz v. Hoaloha Na Eha, Inc., 360 F. Supp. 2d 1122, 1129 (D. Haw. 2005).   In Hawaii, "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after."   Haw. Rev. Stat. §657-7 (Damage to persons or property).   Therefore, the co-owners' claims for damage to property are subject to a two-year limitations period, which began to accrue when they "could reasonably have been aware that [they] had a claim."   In re Hawaii Federal Asbestos Cases, 854 F. Supp. 702, 706 (D. Haw. 1994); Hays v. City & County of Honolulu, 81 Haw. 391, 396, 917 P.2d 718, 723, (Haw. 1996) (noting the limitations period in § 657-7 "begins to run at the moment plaintiff discover[ed] or should have discovered the negligent act, the damage, and the causal connection between the former and the latter" (brackets omitted)).

The helicopter crash occurred on November 10, 2011.   (Complaint ¶ 9.)   Media coverage of the crash was widespread.   Plaintiff, who was living in California, became aware of the crash within two days, by November 12th.

8

(Defendant's Ex. B attached to Supp. Brief at 124.)   It is reasonable that the co-owners would have been aware of the crash on their land shortly after the accident, which occurred nearly 4.5 years ago.   Clearly, under any reasonable length of time for the co-owners to become aware of their claims, the claims would be time-barred.   Consequently, the new claims for damage to property owned by Plaintiff's co-owners, whether brought by themselves or by Plaintiff on their behalf, are time-barred and futile.   Pauline, 773 F. Supp. 2d at 920 ("A proposed amended complaint that would not survive a motion to dismiss is futile.").   The Court therefore denies Plaintiff's Motion for Leave to Amend Complaint.   Bonin, 59 F.3d at 845 ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

II.   Plaintiff's Motion to Extend Expert Disclosure Deadline or to Reset Trial

Plaintiff also seeks to extend the February 8, 2016 deadline to submit expert reports by more than three months to May 11, 2016 or, alternatively, to continue the trial date.   Plaintiff explains that he was unable to meet the February 8 deadline because the survey was not completed until August 2015 and he thereafter had to determine that he held title in Parcel 12 and that the other co-owners had no objection to Plaintiff proceeding with claims as to Parcel 12.   (Tannenbaum 3/9/2016 Decl'n ¶¶ 9-13.)

9

Plaintiff's request to extend the expert deadline given in the Court's scheduling order is governed by Federal Rule of Civil Procedure 16(b)(4).   Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992) ("Once the district court filed a pretrial scheduling order pursuant to Federal Rules of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled.").   Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."   Fed. R. Civ. P. 16(b)(4).   This good cause standard "primarily considers the diligence of the party seeking the amendment."   Johnson, 975 F.2d at 609.   "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"   Id.   However, "if the party seeking the modification was not diligent, the court should deny the motion."   Jackson v. United States, Civ. No. 11-00308 ACK-RLP, 2012 WL 2190815, at *1 (D. Haw. June 13, 2012); Johnson, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end.").

The Court finds that Plaintiff was not diligent in attempting to meet the original expert disclosure deadline of February 8, 2016.   The accident occurred nearly 4.5 years ago, and Plaintiff commenced this action nearly 2.5 years ago. Before this lawsuit was filed, Plaintiff had obtained the NTSB Report, which identified the precise geographic coordinates of the accident site and the location of

the debris trail relative to that site.   (Complaint ¶¶ 20-26; Ex. A attached to Opp.)

Also, on March 18, 2014, defense counsel provided Plaintiff a map plotting the

reported latitude and longitude coordinates of the accident site in relation to

Plaintiff's property and informed Plaintiff that "the accident site is located

approximately 25 feet west northwest of the west-most boundary of Mr. Suzuki's

property (Parcel 13)."   (Ex. A attached to Opp.)   The survey confirmed that the

crash occurred on Parcel 12 and it is unclear why Plaintiff did not schedule experts

to view the crash site and debris field until the survey was completed.

Even assuming Plaintiff's experts could not view the crash site until the

survey was finished in mid-August 2015, Plaintiff still had nearly six months until

the February 8, 2016 expert deadline.   Plaintiff could have scheduled experts to

view the crash site while Plaintiff held discussions with co-owners of Parcel 12.

However, none of Plaintiff's experts were scheduled to view the site until after the

deadline had passed, and Plaintiff did not provide a single expert report before the

February 8 deadline.

Based on the foregoing, the Court finds that Plaintiff was not diligent in

attempting to meet the original expert deadline.   The Court therefore denies

Plaintiff's motion to extend the expert deadline or to continue the trial date.

Johnson, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end.");

11

<u>Jackson</u>, 2012 WL 2190815, at *1 ("[I]f the party seeking the modification was not diligent, the court should deny the motion.").

CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Leave to Amend Complaint (Doc. 47) and Motion to Extend Deadline for Disclosure of Expert Reports or, in the Alternative, to Reset Trial and Pretrial Deadlines (Doc. 49).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 28, 2016



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

<u>Suzuki v. Helicopter Consultants of Maui, Inc.</u>, CIV. NO. 13-00575 JMS-BMK; ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND MOTION TO EXTEND DEADLINE FOR DISCLOSURE OF EXPERT REPORTS OR, IN THE ALTERNATIVE, TO RESET TRIAL AND PRETRIAL DEADLINES.