FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
APRIL 30, 2017
At 12 o'clock and 00 min p.m.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VERNON SUZUKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HELICOPTER CONSULTANTS ) <br> OF MAUI, INC., a Hawaii ) <br> corporation d/b/a BLUE ) <br> HAWAIIAN HELICOPTERS; ) <br> NEVADA HELICOPTER ) <br> LEASING, LLC; DOE ) <br> DEFENDANTS 1-10, ) <br> ) <br> Defendants. ) <br> _____ ) | Civil No. 13-00575 JMS-KJM <br><br> FINDINGS AND <br> RECOMMENDATION TO GRANT IN <br> PART AND DENY IN PART <br> PLAINTIFF VERNON SUZUKI'S <br> LOCAL RULE 54.3 MOTION FOR <br> RELATED AND NECESSARY NON- <br> TAXABLE COSTS |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND
DENY IN PART PLAINTIFF VERNON SUZUKI'S LOCAL RULE 54.3
MOTION FOR RELATED AND NECESSARY NON-TAXABLE COSTS

Plaintiff Vernon Suzuki ("Plaintiff") filed his Local Rule 54.3 Motion for Related and Necessary Non-taxable Costs ("Motion") on December 1, 2016. ECF No. 378. Defendant Helicopter Consultants of Maui, Inc., doing business as Blue Hawaiian Helicopters ("Defendant"), filed its Responsive Memorandum in Opposition to the Motion ("Opposition") on February 8, 2017. ECF No. 392. Plaintiff filed his Reply on March 1, 2017. ECF No. 399.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2 of the Local Rules of Practice for the United States District

Court for the District of Hawaii ("Local Rules"). After careful consideration of the Motion and the supporting and opposing memoranda, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART the Motion.

I. BACKGROUND

This case arises out of a helicopter crash on Plaintiff's real property on the Island of Molokaʻi in November 2011. Plaintiff prevailed on certain of his claims against Defendant at trial. Thus, on November 17, 2016, the district court entered judgment in favor of Plaintiff. ECF No. 366.

On December 1, 2016, Plaintiff filed the instant Motion. ECF No. 378. In the Motion, Plaintiff seeks an award of $13,695.64 for non-taxable expenses pursuant to Rule 54 of the Federal Rules of Civil Procedure ("FRCP"), Local Rule 54.3, and Hawaii Revised Statutes ("HRS") § 607-9. *See id.* On December 5, 2016, Plaintiff filed a Statement of Consultation, in which Plaintiff's counsel represented that he had conferred with Defendant's counsel regarding the specific requests in the Motion and Defendant's objections thereto. ECF No. 381. On February 8, 2017, Defendant filed its Opposition. ECF No. 392. On February 28, 2017, Plaintiff filed his Reply. ECF No. 399.

II. DISCUSSION

A. Whether HRS § 607-9 Authorizes Recovery Of Non-taxable Costs

FRCP Rule 54(d)(1) provides that costs, other than attorneys' fees, "should be allowed to the prevailing party." The Local Rules provide that "[t]he party entitled to costs shall be the prevailing part in whose favor judgment is entered . . . ." LR54.2(b). "Non-taxable expenses are awarded pursuant to state law in diversity cases." *CUMIS Ins. Soc., Inc. v. CU Pac. Audit Sols., LLC*, CIV NO. 14-00140 LEK-BMK, 2015 WL 13234467, at *10 (D. Haw. Nov. 20, 2015), *adopted in* 2016 WL 8710196 (D. Haw. Jan. 15, 2016) (citing *Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1236 (9th Cir. 2001)); *Pascual v. Aurora Loan Servs.*, Civil No. 10-00759 JMS-KSC, 2012 WL 5881972, at *11 (D. Haw. Oct. 31, 2012), *adopted in* 2012 WL 5881858 (D. Haw. Nov. 21, 2012) (same).

Courts have discretion to award costs to the prevailing party. *See Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Moreover, Local Rule 54.3(d)(3) mandates that, "[i]n addition to identifying each requested non-taxable expense, the moving party shall set forth the applicable authority entitling

the moving party to such expense and should attach copies of invoices and receipts, if possible."

It is undisputed that Plaintiff is the prevailing party for purposes of this Motion. Plaintiff asserts that, as the prevailing party, he is entitled to recover non-taxable costs pursuant to HRS § 607-9. In its Opposition, Defendant contends that the Court should deny the Motion in its entirety because § 607-9 does not authorize an award of costs. *See* ECF No. 392 at 4-5. Rather, § 607-9 merely describes costs that are recoverable under other authorizing statutes or rules. *Id.* at 5.

Contrary to Defendant's contentions, however, this district court has recognized that § 607-9 "expressly authorizes the recovery of '[a]ll actual disbursements . . . sworn to by an attorney or a party and deemed reasonable by the court.'" *CUMIS*, 2015 WL 13234467, at *10 (quoting HRS § 607-9); *see also Pascual*, 2012 WL 5881972, at *11 ("While HRS § 607-14 does not provide for the recovery of expenses, HRS § 607-9 expressly authorizes recovery of" expenses enumerated therein.); *White v. Sabatino*, 2008 WL 4112779, at *5 (D. Haw. Sept. 23, 2008) ("Certain costs that are not taxable under [28 U.S.C.] § 1920 are taxable under [HRS] § 607-9[.]"); *but see Synagro Techs., Inc. v. GMP Haw., Inc.*, Civ. No. 04-00509 SPK/LEK, 2007 WL 851271, at *14 n.10 (D. Haw. Mar. 15, 2007) (citations omitted) (stating that § 607-9 "apparently describes the costs that may be

4

awarded while other statutes and rules provide the authority to award costs."). This Court, therefore, concludes that § 607-9 authorizes recovery of non-taxable expenses. Accordingly, the Court addresses Plaintiff's specific requests in the Motion.

B.     Plaintiff's Request For Non-taxable Costs Pursuant to HRS § 607-9

In the Motion, Plaintiff requests a total award of non-taxable costs in the amount of $13,695.64. *See* ECF No. 378 at 2. In response to Defendant's Opposition, Plaintiff agreed to withdraw requests for certain costs. The Court summarizes Plaintiff's revised request by the following categories:

      (1)    Intrastate Travel        $753.20

      (2)    Interstate Travel        $11,677.36

      (3)    Other                      $98.96

The Court addresses each of these categories in turn below.

1.     Intrastate Travel

Plaintiff seeks reimbursement for intrastate travel expenses in the amount of $753.20. *See* ECF No. 399-2 at 1, 2, 16, 17, 18. The entirety of this amount appears to be for expenses Plaintiff incurred for his attorneys' intrastate travel in this case. Section 607-9 expressly allows for recovery of "[a]ll actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel . . . sworn to by an attorney or a party, and deemed reasonable by the

5

court . . . ." HRS § 607-9. The Hawai'i Supreme Court has previously held that "[e]xpenditures for parking, rental car, and gas, while not specifically enumerated in the language of HRS § 607-9, are within the scope of 'intrastate travel expenses.'" *Wong v. Takeuchi*, 88 Hawai'i 46, 54, 961 P.2d 611, 619 (1998).

Defendant contends that Local Rule 54.2(f)(1) prohibits Plaintiff's recovery of intrastate travel expenses incurred for his attorneys. *See* ECF No. 392 at 7-8. Local Rule 54.2, however, is not applicable to Plaintiff's Motion, which seeks non-taxable costs under Local Rule 54.3 and § 607-9. Section 607-9 expressly authorizes recovery of "intrastate travel expenses for witness <u>and counsel</u>[.]" (Emphasis added.) The Court thus concludes that Plaintiff is not prohibited from seeking intrastate travel expenses for counsel in this case.

Defendant appears to concede that, if intrastate travel expenses for counsel are permissible under § 607-9, Plaintiff may recover $518.20 for his attorneys' airfares to attend crash site inspection and the preservation deposition of Denise Nakanishi. *See* ECF No. 392 at 9 & n.4; ECF No. 392-2 at 1, 12. The Court, therefore, FINDS these costs to be reasonable, and RECOMMENDS that the district court GRANT Plaintiff's request for this amount.

Plaintiff also seeks $24.00 for meal expenses incurred in connection with Ms. Nakanishi's deposition. *See* ECF No. 399-2 at 17. Defendant argues that meal expenses are not recoverable. *See* ECF No. 392 at 10. Because "[m]eals are

6

not taxable costs" under § 607-9, Plaintiff is not entitled to reimbursement for meal expenses. *Wong*, 88 Hawaiʻi at 54, 961 P.2d at 619. Although Plaintiff argues that this limitation only applies to lunches, he fails to cite any supporting authority. *See* ECF No. 399 at 6-7. The Court, therefore, RECOMMENDS that the district court DENY this request.

Plaintiff requests $21.50 for parking expenses incurred in connection with Ms. Nakanishi's deposition. Parking expenses are allowable under § 607-9. *Wong*, 88 Hawaiʻi at 54, 961 P.2d at 619. Defendant contends, however, that Plaintiff is not entitled to recovery for these expenses because he fails to provide supporting documentation. ECF No. 392 at 12-13. Local Rule 54.3 provides that the moving party "should attach copies of invoices and receipts, <u>if possible</u>." LR54.3(d)(3) (emphasis added). In his declaration to the Motion, Plaintiff's counsel states that Plaintiff was unable to locate the receipts for these expenses, but represents that these costs were actually and necessarily incurred. *See* ECF No. 378-1 at ¶ 11. The Court is satisfied with the statements from Plaintiff's counsel, and finds these costs to be reasonable. Accordingly, the Court RECOMMENDS that the district court GRANT Plaintiff's request for $21.50 for parking expenses.

In addition, Plaintiff seeks $187.00 for his counsel's interisland airfare to attend Donald Cameron's deposition. *See* ECF No. 378-2 at 1. Defendant contends that Plaintiff cannot recover this amount because he fails to provide

7

supporting documentation. *See* ECF No. 392-2 at 1. Plaintiff's Motion refers to Exhibits "B.50" and "B.51" for this particular request. *See* ECF No. 378-2 at 1. Plaintiff appears to have inadvertently failed to "B.51" attached to the Motion, and provides the invoice for this expense in his Reply. *See* ECF No. 399-3. Counsel's intrastate travel expenses for depositions are recoverable under § 607-9. *See Wong*, 88 Hawai'i at 54, 961 P.2d at 619 ("We hold that attorney intrastate travel expenses for depositions are allowable" under § 607-9.). The Court deems this request reasonable, and RECOMMENDS that the district court GRANT Plaintiff's request for this amount.

Plaintiff's Motion also includes a $2.50 request for parking during trial. The spreadsheets attached to the Motion and the Reply indicate that the parking was for Plaintiff's counsel. *See* ECF No. 378-2 at 13; ECF No. 399-2 at 18. Because Plaintiff's counsel is located on Oahu, where the trial took place, the Court concludes that this item is not recoverable as an "intrastate travel expense" under § 607-9. Accordingly, the Court RECOMMENDS that the district court DENY this request.

In sum, the Court RECOMMENDS that the district court award Plaintiff $726.70 for intrastate travel expenses.

2. Interstate Travel

Plaintiff seeks to recover $11,432.13 in costs for interstate travel. Contrary to Plaintiff's assertions, HRS § 607-9 only permits recovery for "intrastate travel expenses," not interstate travel expenses. HRS § 607-9; *see also Wong*, 88 Hawai'i at 53, 961 P.2d at 618. Accordingly, the Court FINDS that Plaintiff is not entitled to recover interstate travel expenses. The Court, therefore, RECOMMENDS that the district court DENY Plaintiff's $11,432.13 request for interstate travel.

3. Other

Plaintiff requests $98.96 for costs to perform a skip trace on Ernest Kahana. *See* ECF No. 378-2 at 3; ECF No. 378-3 at 37. Defendant argues that Plaintiff is not entitled to recover this cost because he "offers no explanation as to why [this cost was] necessary for the litigation." *See* ECF No. 392 at 11. The Court agrees.

Plaintiff's Motion provides no detail as to the skip trace cost for Mr. Kahana. In the Reply, Plaintiff's counsel simply states that "this charge was necessarily incurred for trial, as it represents the fees for the investigators hired by Plaintiff to attempt to locate key witness [Mr. Kahana] to serve him with a trial subpoena." *See* ECF No. 399-1 at ¶ 19. This conclusory statement, without more, is insufficient for the Court to be able to deem Plaintiff's request reasonable.

9

Accordingly, the Court RECOMMENDS that the district court DENY Plaintiff's request for $98.96 for the skip trace on Mr. Kahana.

III. CONCLUSION

Based upon the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART Plaintiff Vernon Suzuki's Local Rule 54.3 Motion for Related and Necessary Non-taxable Costs [ECF No. 378]. Specifically, the Court RECOMMENDS that the district court award Plaintiff $726.70 for non-taxable costs, and deny Plaintiff's request in all other respects.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawai'i, April 30, 2017.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

CV 13-00575 JMS-KJM; *Suzuki v. Helicopter Consultants of Maui, Inc., dba Blue Hawaiian Helicopters, et al.*; Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Vernon Suzuki's Local Rule 54.3 Motion for Related and Necessary Non-taxable Costs