FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APRIL 30, 2017

At __12__ o'clock and __00__ min p.m.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VERNON SUZUKI, | ) | Civil No. 13-00575 JMS-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT IN |
| vs. | ) | PART AND DENY IN PART |
| | ) | PLAINTIFF VERNON SUZUKI'S |
| HELICOPTER CONSULTANTS | ) | AMENDED BILL OF COSTS |
| OF MAUI, INC., a Hawaii | ) | |
| corporation d/b/a BLUE | ) | |
| HAWAIIAN HELICOPTERS; | ) | |
| NEVADA HELICOPTER | ) | |
| LEASING, LLC; DOE | ) | |
| DEFENDANTS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART PLAINTIFF VERNON SUZUKI'S AMENDED BILL OF COSTS

Plaintiff Vernon Suzuki ("Plaintiff") filed his Amended Bill of Costs on December 5, 2016. ECF No. 380. Defendant Helicopter Consultants of Maui, Inc., doing business as Blue Hawaiian Helicopters ("Defendant"), filed its Objections to the Amended Bill of Costs ("Objection") on February 8, 2017. ECF No. 393. Plaintiff filed his Reply on February 28, 2017. ECF No. 398.

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2 of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). After careful consideration of the

Amended Bill of Costs and the supporting and opposing memoranda, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART Plaintiff's Amended Bill of Costs.

## I.　BACKGROUND

This case arises out of a helicopter crash on Plaintiff's real property on the Island of Moloka'i in November 2011. Plaintiff prevailed on certain of his claims against Defendant at trial. Thus, on November 17, 2016, the district court entered judgment in favor of Plaintiff. ECF No. 366.

On December 1, 2016, Plaintiff filed a Bill of Costs. ECF No. 379. Plaintiff's original Bill of Costs consists of: (1) a completed HID 133 Form ("Bill of Costs Form"), itemizing Plaintiff's requested costs; (2) Declaration of Stephen M. Tannenbaum in Support of Bill of Costs ("Tannenbaum Declaration"); and (3) two supporting exhibits. *See* ECF No. 379 to 379-3.

Defendant's counsel subsequently indicated to Plaintiff's counsel that the original Bill of Costs did not comply with the Local Rules. *See* ECF No. 393 at 3-4. Specifically, Defendant's counsel asserted that Plaintiff's counsel failed to conduct a meet and confer prior to filing the original Bill of Costs, as required under Local Rule 54.2(c). *Id.* Defendant also asserted that Plaintiff failed to include a memorandum and affidavit that sufficiently supported the original Bill of Costs. *Id.* at 3.

On December 5, 2017, in response to Defendant's assertions, Plaintiff filed an Amended Bill of Costs. ECF No. 380. The Amended Bill of Costs consists of: (1) an itemized list of Plaintiff's requested costs; (2) a Memorandum in Support; (3) a Supplemental Declaration of Stephen M. Tannenbaum ("Supplemental Declaration"); and (4) two supporting exhibits. According to the Amended Bill of Costs and Supplemental Declaration, as of December 5, 2017, Plaintiff's counsel had still not yet met and conferred with Defendant's counsel regarding the costs for which Plaintiff seeks recovery. On February 8, 2017, Defendant filed its Objection to the Amended Bill of Costs. ECF No. 393. On March 1, 2017, Plaintiff filed his Reply. ECF No. 398.

## II. DISCUSSION

### A. Local Rules

As an initial matter, the Court addresses Defendant's objections to the Amended Bill of Costs based upon Plaintiff's alleged failure to comply with the Local Rules. Defendant argues that the Court should deny the Amended Bill of Costs because (i) it is untimely, and (2) Plaintiff failed to satisfy the meet and confer requirement under Local Rule 54.2(c). *See* ECF No. 393 at 3-6.

#### 1. Timeliness

Local Rule 54.2(b) provides that, "[u]nless otherwise ordered by the court, a Bill of Costs shall be filed and served within fourteen (14) days of the

3

entry of judgment . . . ." Defendant contends that the Amended Bill of Costs is untimely because Plaintiff filed it more than 14 days after the entry of judgment. *See* ECF No. 393 at 3-4. According to Plaintiff, the Amended Bill of Costs is timely because it supplements the timely filed original Bill of Costs. *See* ECF No. 398 at 2-4. In support of this argument, Plaintiff relies upon *Ignacio v. County of Hawaii*, CV No. 11-00516 SOM-BMK, 2013 WL 2405211, at *2 (D. Haw. May 31, 2013), *adopted in* 2013 WL 3029738 (D. Haw. June 17, 2013).

In *Ignacio*, the defendants timely filed a bill of costs after the court entered judgment in their favor. *Igancio*, 2013 WL 2405211, at *1. Subsequently, 20 days after entry of judgment, the defendants filed an amended bill of costs in response to the plaintiff's objections to the initial bill of costs. *Id.* The court recognized that "Local Rule 54.2(b) does not prohibit a party from filing an amended bill of costs after it has submitted a bill of costs within the fourteen-day deadline." *Id.* The court then concluded that the amended bill of costs was timely "[b]ecause the amended bill of costs merely supplements the initial bill of costs[.]" *Id.* at *2 (citation omitted).

In this case, based on the Amended Bill of Costs and the Supplemental Declaration thereto, it appears that Plaintiff intended the Amended Bill of Costs to supplement, rather than amend and supersede, the original Bill of Costs. For example, Plaintiff's Amended Bill of Costs does not change the

4

requested cost amounts. Rather, the Amended Bill of Costs and Plaintiff's counsel's Supplemental Declaration includes additional information to support the original Bill of Costs. Accordingly, under the circumstances, the Court construes Amended Bill of Costs as a supplement to the timely filed original Bill of Costs. The Court, therefore, FINDS that Plaintiff's Amended Bill of Costs is timely.

2. <u>Meet and Confer Requirement</u>

Local Rule 54.2(c) requires that a bill of costs contain, among other things, an affidavit "contain[ing] a representation that counsel met and conferred in an effort to resolve any disputes about the claimed costs, and the prevailing party shall state the results of such a conference . . . ." LR54.2(c). Plaintiff's counsel admits that he did not meet and confer with Defendant's counsel prior to filing the original and Amended Bill of Costs. *See* ECF No. 380-2 at ¶ 4; ECF No. 393-2. The parties' counsel met and conferred on December 7, 2016, two days after Plaintiff filed the Amended Bill of Costs. *See* ECF No. 398 at 1-2. Plaintiff contends that, as a result of the attorneys' discussions, he agreed to withdraw certain requests, which "is precisely what the meet and confer process was intended to achieve." *Id.* at 2.

A "no harm, no foul" view does not excuse Plaintiff's counsel's failure to comply with Local Rule 54.2(c). Nevertheless, the Court recognizes that it would be wasteful of the parties' time and the court's resources to require

5

Plaintiff to file another bill of costs. *See Spillane v. Shinseki*, Civil No. 13-00527 HG-RLP, 2015 WL 777531, at *2 (D. Haw. Feb. 24, 2015) (citing *Tiki Shark Art Inc. v. CafePress, Inc.*, Civil No. 13-005577 JMS-RLP, 2014 WL 3928799, at *3 (D. Haw. Aug. 12, 2014) (holding that in the context of Local Rule 37.1, that "where requiring the parties to meet and confer would be futile, or depending upon the particular circumstances of a case, courts may address a motion's merits despite a party's failure to comply with a meet-and-confer requirement.")).

The parties' counsel met and conferred shortly after Plaintiff filed the Amended Bill of Costs, Defendant had two months thereafter to file its written Objection, and Plaintiff's Reply sets forth his revised cost requests. Thus, the parties' respective positions as to Plaintiff's specific requests are unlikely to change. Accordingly, in the interest of judicial economy and efficiency, the Court will address the merits of Plaintiff's Amended Bill of Costs. *See* LR1.3. ("These rules . . . shall be construed, administered, and employed by the court and the parties so as to be consistent with the [FRCP] and to promote the just, efficient, and economical determination of every action and proceeding."). In doing so, however, the Court will disregard any new arguments Plaintiff raises in his Reply. *See* LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").

B.   <u>Plaintiff's Amended Bill of Costs</u>

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure ("FRCP"), courts have discretion to award costs to the prevailing party. *See Yasui v. Maui Elec. Co.*, 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999). The burden is on the losing party to demonstrate why costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). Indeed, "Rule 54(d) creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Id.* "The presumption itself provides all the reason a court needs for awarding costs, and when a district court states no reason for awarding costs, [the appellate court] will assume it acted based on that presumption." *Quan v. Comput. Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010) (brackets added) (citations omitted).

While courts have discretion to award costs pursuant to FRCP Rule 54(d), "courts may only tax those costs defined in 28 U.S.C. § 1920." *See Yasui*, 78 F. Supp. 2d at 1126 (other citations omitted) (citing *Aflex Corp. v. Underwriters Lasbs, Inc.*, 914 F.2d 175, 176 (9th Cir. 1990) (providing that § 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in FRCP Rule 54(d)). Section 1920 enumerates the following costs:

(1)   Fees of the clerk and marshal;

7

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. The Court addresses each of Plaintiff's requests *seriatim*.

1. <u>Fees of the Clerk</u>

Plaintiff requests $300.00 in filing fees under § 1920(1). Based upon the record, Plaintiff incurred this amount in connection with Robert D. Nelson, Esq.'s Motion to Appear Pro Hac Vice, filed May 19, 2016. *See* ECF No. 95. The Ninth Circuit Court of Appeals has held that "§ 1920(1) does not allow for an award of *pro hac vice* fees as taxable costs." *Kalita Air LLC v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013). The Court, therefore, RECOMMENDS that the district court DENY Plaintiff's request for filing fees.

2. Service Fees

Plaintiff seeks $3,161.10 in costs for service of summons and subpoenas.[1] *See* ECF No. 380 at 2; ECF No. 393 at 8 & n.3. Defendant does not object to this request, except for Plaintiff's request for $35.00 incurred for "Retrieval Fee of Trial Subpoenas at Kahalui Airport." *See* ECF No. 393 at 8; ECF No. 380-3 at 6. Plaintiff withdraws his request for this cost in his Reply. In light of Defendant's lack of objection, and Plaintiff's partial withdrawal, the Court RECOMMENDS that the district court GRANT Plaintiff's request for reimbursement of $3,126.10 for service fees.

3. Transcript Costs

Plaintiff seeks reimbursement for transcripts of depositions and court proceedings. *See* ECF No. 380 at 2. Local Rule 54.2 limits award for transcript fees to the "cost of a stenographic and/or video original and one copy of any deposition transcript necessarily obtained for use in the case is allowable." LR54.2(f)(2). In addition, Local Rule 54.2 provides that "[a] deposition need not be introduced at trial, so long as, at the time it was taken, it could reasonably have been expected than the deposition would be used for trial preparation, rather than mere discovery."

---

[1] Plaintiff's Amended Bill of Costs states a $1,620.00 request for service fees. This amount reflects an additional $1,506.10 for service fees that Plaintiff initially mis-categorized as "witness fees." *See* ECF No. 393 at 8 n.3; ECF No. 398-2 at 2.

a. <u>Depositions</u>

In the Amended Bill of Costs, Plaintiff initially requested $11,955.91 for deposition transcript costs. *See* ECF No. 380-3. Defendant argues in its Objection that, among other things, certain items in Plaintiff's request are impermissible. *See* ECF No. 393 at 8-10. As a result, Plaintiff reduces his request to $10,525.06. *See* ECF No. 398-2.

Defendant does not object to Plaintiff's request for $1,502.08 in transcript costs for the depositions of Lawrence Bartell and Denise Nakanishi. *See* ECF No. 393 at 11. Defendant contends, however, that Plaintiff should not recover the balance of transcript costs because Plaintiff's "blanket declaration" as to the purported necessity of the deposition transcripts is insufficient to substantiate an award. *See id.* at 8-9 (citing *Rodriguez v. Gen. Dynamics Armament and Tech. Prods, Inc.*, 775 F. Supp. 2d 1217, 1223 (D. Haw. 2011); *Nam Soon Jeon v. 445 Seaside, Inc.*, No. Civ. 11-00015 SOM-BMK, 2013 WL 5915674, at *3-4 (D. Haw. Oct. 30, 2013, *adopted in* 2013 WL 12177521 (D. Haw. Nov. 18, 2013). The Court agrees, noting that Plaintiff's original and Amended Bill of Costs is devoid of any explanation to substantiate a finding that the deposition transcripts were necessarily obtained for use in this case. *See* LR54.2(c) (requiring that all bill of costs include "a memorandum setting forth grounds and authorities supporting the

request . . . ."). Indeed, Plaintiff's counsel fails to provide this information until the Reply.

The Court generally does not consider new evidence in a reply, especially when the new evidence could have been included in the initial motion. *See Black v. City of Honolulu*, CIVIL NO. 07-00299 DAE-LEK, 2010 WL 653026, at *9 (D. Haw. Feb. 22, 2010), *amended by* 2010 WL 3943749 (D. Haw. Sept. 3, 2010); *see also* LR7.4. Here, Plaintiff had two opportunities to present his arguments for deposition transcript costs - in the original Bill of Costs and in the Amended Bill of Costs.[2] Because Plaintiff does not set forth his specific grounds for recovery until the Reply, Defendant did not have the opportunity to respond in its Objection. The Court, therefore, disregards Plaintiff's new arguments in the Reply as to the necessity of deposition transcript costs.

Based upon the foregoing, the Court RECOMMENDS that the district court tax uncontested deposition transcript costs in favor of Plaintiff in the amount of $1,502.08. *See Rodriguez,* 775 F. Supp. 2d at 1223 (holding that the

---

[2] In the Reply, Plaintiff contends that his use of this district court's Bill of Costs Form in filing the original Bill of Costs is, in and of itself, sufficient to support his entire request for costs. *See* ECF No. 398 at 5. Plaintiff's criticism of the Bill of Costs Form is not well-taken, especially in light of Plaintiff's counsel's failure to comply with the Local Rules. While Local Rule 54.2 states that parties may use the Bill of Costs Form in connection with a request for taxation of costs, the rule also expressly requires that the request be "supported by a legal memorandum setting forth the grounds and authorities supporting the request . . . ." LR54.2(c).

defendant's "unsupported and conclusory explanation" that the depositions were necessary was insufficient to support an award of costs).

      b.    Court proceedings

Plaintiff requests $159.27 for court transcripts of the hearings on the parties' motions in limine and the final pretrial conference. *See* ECF No. 380-1 at 5. Plaintiff also requests $5,936.54 for daily transcripts of the nine-day trial. *See id.* at 9. Defendant argues, and the Court agrees, that Plaintiff again fails to demonstrate why such transcripts were necessary. Accordingly, the Court RECOMMENDS that the district court DENY Plaintiff's request for hearing and trial transcript costs. *See Rodriguez*, 775 F. Supp. 2d at 1223 (denying the defendant's request for daily trial transcript costs because the defendant failed to explain why such costs were necessary).

   4.    Witness Fees

Witness fees are taxable pursuant to § 1920(3). Local Rule 54.2(f)(3) further specifies that "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821." LR54.2(f)(3); *see also Clausen v. MIV New Carissa*, 339 F.3d 1049, 1064 (9th Cir. 2003) (stating that witness fees are taxable costs under § 1920(3), but are limited to forty dollars per day under 28 U.S.C. § 1821(b)). Section 1821 limits recovery of witness fees to $40.00 per day and reasonable travel expenses

"at the most economical rate reasonably available" on a common carrier. 28 U.S.C. § 1821(b), (c)(1).

Plaintiff initially requested an award of $12,064.64 for witness fees in the Amended Bill of Costs. See ECF No. 380 at 2. Defendant does not object to $3,002.21 of Plaintiff's total request for witness costs. See ECF No. 393 at 15. Plaintiff subsequently reduced certain requests, in whole or in part, in response to Defendant's specific objections. Plaintiff's Reply, however, does not summarize these reductions in an easily discernable manner. Accordingly, the Court addresses Plaintiff's specific witness fee requests in turn below.

    a.    <u>Attendance costs</u>

First, Defendant contends that Plaintiff cannot recover $560.00 in witness attendance costs for 14 individuals because Plaintiff lacks evidence that he actually incurred such fees. See id. at 12 (citing *Kauhako v. State Bd. Of Educ. Dep't of Educ.*, Civil No. 13-00567 DKW-KJM, 2016 WL 6806372, at *11 (D. Haw. Oct. 28, 2016), *adopted in* 2016 WL 6803072 (D. Haw. Nov. 16, 2016)). Specifically, Defendant argues that Plaintiff cannot recover attendance fees for Lawrence Bartell, Allan Benson, Jamie A. Winfrey, Stafford Caparida, William Gannon, Clyed Holokai, Carlos Frate, Jay Duquette, David Chevalier, Patricia Chevalier, Herman Marfil, Custodian of Records for Maui Police Department, Custodian of Records for Maui Fire Department, and Ernest Kahana. See ECF No.

13

Plaintiff admits that he does not have documentation evidencing payments to these witnesses. *See* ECF No. 393-1 at ¶ 21. Pursuant to *Kauhako*, failure to provide proper documentation that witnesses were actually paid for their attendance at trial is grounds for denial. *See Kauhako*, 2016 WL 6806372, at *11.

Additionally, Plaintiff seeks $80 for two days of trial attendance as to Darin Kimoto. *See* ECF No. 380-2 at 9. Although Plaintiff does not provide documentation of payment as to Mr. Kimoto, Defendant appears to only object to reimbursing Plaintiff for two days of attendance because Mr. Kimoto only testified on one day. *See* ECF No. 393-2 at 22. The Court, therefore, concludes that $40.00 for one day of Mr. Kimoto's attendance at trial is reasonable.

In sum, the Court RECOMMENDS that the district court tax witness attendance costs in favor of Plaintiff for $40.00.

    b.    <u>Airfare costs</u>

Plaintiff requests reimbursement for airfare costs incurred to fly Kenneth Suzuki[3] and Cathy Hendrix to Honolulu for the trial. Plaintiff initially sought (i) $1,361.25 for Kenneth Suzuki's roundtrip ticket from the West Coast to Honolulu, (ii) $1,165.74 for Ms. Hendrix's one-way flight from South Carolina to Honolulu, and (iii) $537.12 for Ms. Hendrix's one-way flight from Honolulu to San Francisco. *See* ECF No. 380-3 at 9; ECF No. 380-3 at 69-71. Defendant

---

[3] The Court refers to Kenneth Suzuki by his full name, rather than "Mr. Suzuki," so as to avoid confusion with Plaintiff, both of whom have the same surname.

argues that the Court should deny these requests in their entireties because airfares were for business/first class tickets, which are not permissible. *See* ECF No. 393-2 at 13, 23 (citing 28 U.S.C. § 1821(c)(1)).

Indeed, § 1821(c)(1) expressly requires witnesses to "utilize a common carrier at the most economical rate reasonably available." In response, Plaintiff proposes reducing his request as to Kenneth Suzuki's airfare by $880.65, from $1,361.25 to $480.60, based upon airfare quotes that Plaintiff obtained for flights taking the same route during the same time of year that Kenneth Suzuki flew for the trial. *See* ECF No. 398-1 at ¶ 38; ECF No. 398-7. Similarly, Plaintiff proposes reducing his request as to Ms. Hendrix's two airfares by a total of $942.76, from $1,702.86 to $760.10. *See* ECF No. 398-1 at ¶¶ 39-40; ECF No. 398-8; ECF No. 398-9. The Court FINDS that, with these reductions, Plaintiff's airfare requests are reasonable. Accordingly, the Court RECOMMENDS that the district court award Plaintiff $1,240.70 for airfare costs as to Kenneth Suzuki and Ms. Hendrix.

   c. <u>Shan Masuda</u>

Second, Defendant objects to Plaintiff's request for witness fees for Shan Masuda. Plaintiff requests $1,050.31 in witness fees for Mr. Masuda, which consists of: (i) $533.01 for Mr. Masuda's airfare from San Francisco to Honolulu; and (ii) $517.29 for hotel accommodations ($173.10 per night, for three nights).

15

*See* ECF No. 398-1 at ¶ 29. Defendant does not object to Plaintiff's recovery of three nights' accommodation for Mr. Masuda. *See* ECF No. 393-2 at 15. In addition, airfare is recoverable so long as the witness "utilizes a common carrier at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1). Here, Plaintiff submitted an invoice for Mr. Masuda's economy airfare. The Court, therefore, FINDS that Plaintiff's request for witness fees for Mr. Masuda is reasonable. Accordingly, the Court RECOMMENDS that the district court award Plaintiff $1,050.31 for Mr. Masuda's witness fees.

        d.     <u>Jason Grant</u>

Plaintiff requests $2,400.05 in witness fees for Jason Grant.[4] *See* ECF No. 380-1 at 9-10. Defendant argues that Plaintiff fails to provide documentation to support this request and, therefore, is not entitled to recovery for these costs. *See* ECF No. 393 at 11-12; ECF No. 393-2 at 24-26. In the Original Declaration, Plaintiff's counsel represented that Plaintiff would "file a supplemental to this Bill of Costs with supporting documents" for costs incurred for Mr. Grant. *See* ECF No. 379-1 at ¶ 11. The Amended Bill of Costs, however, contains no such supporting documents.

In the Reply, Plaintiff attaches an invoice from Mr. Grant's office for the costs associated with Plaintiff's request ("Grant Invoice"). *See* ECF No. 398-

---

[4] Plaintiff initially requested $2,619.63 for Mr. Grant's witness fees, but reduced this request to $2,400.05 in his Reply. *See* ECF No. 398-2 at 31, 32.

10. Plaintiff's counsel asserts that he did not have the Grant Invoice at the time of filing the original and Amended Bill of Costs. *See* ECF No. 398-1 at ¶ 41. Contrary to Plaintiff's counsel's assertions, however, the Grant Invoice is dated December 5, 2016, the date Plaintiff filed the Amended Bill of Costs. This indicates that the Grant Invoice could have been available for Plaintiff to submit with the Amended Bill of Costs.

Even if Plaintiff did not receive the Grant Invoice on that date, but thereafter, it appears that Plaintiff's counsel did not provide a copy to Defendant's counsel at any time between the December 7, 2016 meet and confer and the date Defendant filed its Objection, February 8, 2017. *See* ECF No. 393-2 at 24 (objecting to cost request as to Mr. Grant because "Plaintiff offers no supporting documentation to permit evaluation and review of this cost, which should therefore be denied."). Indeed, the record indicates that Plaintiff's counsel did not disclose the Grant Invoice until the date of the Reply, February 28, 2016, nearly three months after filing the original Bill of Costs. Plaintiff's counsel offers no explanation for this delay.

Based upon the foregoing, the Court disregards Plaintiff's new evidence of the Grant Invoice. *See Black*, 2010 WL 653026, at *9; *see also* LR7.4. Without sufficient documentation to support Plaintiff's request for witness fees as

to Mr. Grant in the original and Amended Bill of Costs, the Court RECOMMENDS that the district court DENY this request.

e. Other

Plaintiff requests $27.33 for what appears to be an expedited transcription fee paid to a court reporter Debra Chun. *See* ECF No. 380-4 at 74. Plaintiff does not explain why this item is recoverable as a witness fee. Accordingly, the Court concludes that Plaintiff is not entitled to recover this amount.

Based upon the foregoing, the Court RECOMMENDS that the district court tax $2,331.01 in favor of Plaintiff for witness fees.

5. Copying Costs

Plaintiff requests an award of $2,398.52 for copying costs. *See* ECF No. 380 at 2. Of this amount, Defendant does not object to Plaintiff's recovery of $1,271.73.[5] *See* ECF No. 393 at 16-17. Defendant argues, however, that Plaintiff is not entitled to recover the remaining $1,126.79 because it is "unnecessary, unreasonable, and/or unsupported." *Id.* at 16. The Court agrees.

Local Rule 54.2(f) provides, in relevant part: "The costs of copies necessarily obtained for use in the case is taxable, provided the party seeking

---

[5] This amount includes $60.21 that Plaintiff requests for exemplification costs for editing and creating a video trial exhibit. *See* ECF No. 380 at 17 n.9. Plaintiff initially included this item in his request for "other costs." *See* ECF No. 380-3 at 9.

recovery submits an affidavit describing the documents copied, the number of pages copied, the cost per page, and the use of or intended purpose for the items copied." LR54.2(f)(4). The original and Amended Bill of Costs lacks any such detail as to Plaintiff's request for copying costs. Plaintiff's counsel attempts to correct this error in his declaration to the Reply, which is substantially more detailed than the Original and Supplemental Declarations. As set forth above, however, the Court disregards the new arguments in Plaintiff's Reply. *See Black*, 2010 WL 653026, at *9; *see also* LR7.4. The Court, therefore, RECOMMENDS that the district court tax copying costs in favor of Plaintiff in the amount of $1,271.73.

6. Other Costs

Plaintiff requests reimbursement for "other costs" in the amount of $1,748.68.[6] *See* ECF No. 380 at 2. Although unclear, these costs appear to be related to audiovisual equipment rental and setup at trial. *See* ECF No. 393 at 17. In the spreadsheet attached to the Amended Bill of Costs, Plaintiff does not specify a statute or other authority that allows recovery for such costs. *See* ECF No. 380-3 at 10. Thus, Plaintiff appears to concede that these costs are not recoverable under

---

[6] Plaintiff initially requested "other costs" in the amount of $1,926.40. *See* ECF No. 380 at 2. Of this amount, Defendant indicates that $60.21 should be categorized as copying costs, and does not dispute that Plaintiff is entitled to recovery for this item. *See* ECF No. 393 at 17 & n.9. Additionally, in the Reply, Plaintiff voluntarily reduces his request by $117.51. *See* ECF No. 398-2 at 20, 33. Thus, Plaintiff's revised request amount for "other costs" is $1,748.68.

§ 1920. Accordingly, the Court RECOMMENDS that the district court deny Plaintiff's request for "other costs" in its entirety.

III. CONCLUSION

Based upon the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT IN PART and DENY IN PART Plaintiff Vernon Suzuki's Amended Bill of Costs [ECF No. 380]. Specifically, the Court RECOMMENDS that the district court tax costs in favor of Plaintiff as follows:

| | | |
|---|---|---|
| (A) | Service Fees | $3,126.10 |
| (B) | Transcript Costs | $1,502.08 |
| (C) | Witness Fees | $2,331.01 |
| (D) | Copying Costs | $1,271.73 |
| | **TOTAL** | **$8,230.92** |

The Court RECOMMENDS that the district court deny Plaintiff's request for costs in all other respects.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawai'i, April 30, 2017.



/S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

CV 13-00575 JMS-KJM; *Suzuki v. Helicopter Consultants of Maui, Inc., dba Blue Hawaiian Helicopters, et al.*; Findings and Recommendation to Grant in Part and Deny in Part Plaintiff Vernon Suzuki's Amended Bill of Costs